NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANJEET K. KANG; AMRIK SINGH
KANG,

Plaintiffs - Appellants,

v.

NATIONSTAR MORTGAGE, LLC, doing
business as Mr. Cooper; U.S. BANK
NATIONAL ASSOCIATION,

Defendants - Appellees.

No. 24-6287

D.C. No.
3:23-cv-05106-KKE

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Kymberly K. Evanson, District Judge, Presiding

Submitted April 22, 2026[**]

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

Manjeet K. Kang and Amrik Singh Kang appeal pro se from the district

court's summary judgment in their diversity action alleging claims related to their

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

home loan.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Burch v. City of Chubbuck*, 146 F.4th 822, 832 (9th Cir. 2025).  We affirm.

The district court properly granted summary judgment because the Kangs failed to raise a genuine dispute of material fact as to whether defendants breached an enforceable contract, mismanaged funds, or charged an unlawful amount for insurance.  *See* Wash. Rev. Code § 19.36.010 ("Every agreement that by its terms is not to be performed in one year from the making thereof" must "be in writing, and signed by the party to be charged therewith[.]"); *Blue Mountain Const. Co. v. Grant County Sch. Dist. No. 150-204*, 306 P.2d 209, 212 (Wash. 1957) ("An expression of assent that changes the terms of the offer in any material respect may be operative as a counteroffer; but it is not an acceptance and consummates no contract."); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (holding that when the moving party does not bear the burden of proof it may simply point to "an absence of evidence to support the nonmoving party's case").

We do not consider issues raised for the first time on appeal.  *See Cascadia Wildlands v. United States Bureau of Land Mgmt.*, 153 F.4th 869, 901 (9th Cir. 2025).

**AFFIRMED.**